## HENRY HOUSE v. AMERICAN SURETY COMPANY.

Decided November 17, 1899.

**Building Contract—Alteration—Discharge of Surety.**

Where, in a contract for the erection of a three-story building, alterations were allowable, and by a supplemental contract, over the protest of the surety on the contractor's bond, a fourth story was added, this alteration, changing the identity of the work, not being such as was originally in the contemplation of the parties, discharged the surety.

APPEAL from Harris. Tried below before Hon. WILLIAM WILSON.

*W. P. & A. R. Hamblen*, for appellant.

*Ewing & Ring*, for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by the appellant, Henry House, against the appellee, American Surety Company, to recover of it as surety upon the bond of Bonnell, Matthews & Harding, given to the appellant for the faithful performance of their contract with him to erect a three-story brick building agreeably to the attached drawings and specifications. The petition alleged that the contractors had failed to complete or construct the building in accordance with the contract, to appellant's damage in the sum of $6551.83, and that the

principals were not joined as defendants because they were nonresidents and notoriously insolvent. The defenses were that: (1) The surety was discharged by the subsequent alteration of the contract whereby the owner and contractors, without the consent of the surety, made a supplemental agreement for the erection of a four-story instead of a three-story building; (2) the plaintiff had prematurely and without warrant under the contract taken the work out of the hands of the contractors. The case was tried by the court without a jury, and judgment was rendered for the defendant.

Henry House entered into a written contract, on July 11, 1895, with the firm of Bonnell, Matthews & Harding, for the performance by them, under the direction and to the satisfaction of the architects (acting as the agents of the owner), "of the work included in the erection, construction, and completion of one certain three-story brick building, * * * agreeably to the drawings and specifications made by the said architects, * * * including all labor and material incident thereto," for the price of $20,500, payable in specified installments. The contract, among other things, provided:

"3. Should any alteration be required in the work as shown or described by the drawings or specifications, a fair and reasonable valuation of the work added or omitted shall be made by the architects, and the sum herein agreed to be paid for the work according to the original specifications shall be increased or diminished as the case may be. * * * "

6. The contractors shall and will proceed with said work, and every part and detail thereof, in a prompt and diligent manner, and shall and will wholly finish the said work according to the said drawings and specifications, and this contract, on or before the first day of December, 1895, * * * and in default thereof the contractors shall pay to the owner eight dollars for every day thereafter that the said work shall remain unfinished, as and for liquidated damages. * * * "

"12. Should the contractors at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements on their part herein contained, * * * if the architect shall certify that such refusal, neglect, or failure is sufficient ground for such action, the owner shall also be at liberty to terminate the employment of the contractors for the said work and to enter upon the premises and take possession of all materials thereon, and to employ any other person or persons to finish the work, and to provide the materials therefor. * * * "

The bond given by the contractors, with defendant as surety, bore date August 6, 1895, and was conditioned in the usual way for the faithful performance by the contractors of their undertaking. By supplemental agreement between the owner and contractors, bearing date October 16, 1895 (which was indorsed on the original), it was provided that the contractors should put a fourth story on the building for the addi-

tional "sum of $4500, in accordance with the third clause of this agreement," the contractors to have additional time of thirty days to complete the building. No evidence was adduced that any of the alleged delinquencies of the contractors occurred prior to the supplemental agreement for a fourth story. The alteration in the contract was made without the consent and over the protest of the defendant. The contractors stopped work for three days in February, 1896 (as they had previously done and resumed), whereupon the architect, on February 17, 1896, certified their failure to prosecute the work with promptness and diligence and to perform the agreements contained in the contract, and gave them ten days' notice to proceed with the work, after which plaintiff "terminated the contract" and took possession of the premises. The architect did not certify that the defaults of the contractors were "sufficient ground for such action," and the contractors claimed that the stoppage was due to a strike of employes on account of plaintiff's failure to pay estimates, the plaintiff denying the truth of this charge. The plaintiff gave evidence that the expenditures claimed by him in completing the building were necessary, and that they were made, but gave no evidence as to the reasonable value or worth of the labor and materials for which such expenditures were made, nor as to the difference in value between the building in its unfinished state and that it would have been if finished according to the contract. No evidence was given that the principals on the bond were either nonresidents or notoriously insolvent.

We affirm the judgment of the court below, upon the ground that the supplemental agreement of Henry House with the contractors, Bonnell, Matthews & Harding, for the addition of a fourth story to the building was not contemplated by the third paragraph of the contract, and was a material alteration thereof. In so far as this was a question of fact we approve the implied finding of the court below. The identity of the work was changed. Furniture Co. v. Ice and Cold Storage Co., 50 S. W. Rep., 508. Other reasons submitted by counsel for appellee as affirmative propositions why the judgment should be affirmed are not passed on because it is not deemed necessary to do so.

*Affirmed.*